USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: ___4/20/2023___

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ROBIN WEEKS, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>AUTHENTIC BRANDS GROUP, INC.,<br><br>Defendant. | Case No. 1:22-cv-09223-AT<br><br>Judge Analisa Torres |

**STIPULATION AND PROPOSED PROTECTIVE ORDER**

Plaintiff Robin Weeks, individually and on behalf of all others similarly situated ("Plaintiff") and Defendant Authentic Brands Group Inc. ("Defendant") (such Plaintiff and Defendant, individually, a "Party," and collectively, the "Parties") have agreed to the following terms of confidentiality, and the Court having found that good cause exists for issuance of an appropriately tailored confidentiality order governing the production of information in this action, it is hereby ORDERED that any person or entity ("Person") subject to this order (the "Order")—including, without limitation, the parties to this action, their representatives, agents, experts, consultants, all non-parties providing discovery in this action, and all other interested Persons with actual or constructive notice of the Order—shall adhere to the following terms:

1. All information of any kind provided in the course of discovery in this action, including without limitation documents, written discovery responses, deposition testimony, and tangible non-documentary material shall hereinafter be referred to as "Discovery Material." Any person subject to this Order who receives any Discovery Material from any other Person, including any Party to this action, shall not disclose said Discovery Material to anyone else except as expressly permitted hereunder.

2. All Discovery Material produced or disclosed in connection with this action shall be used solely for the prosecution or the defense of the above-captioned action bearing case number 22-cv-09223-AT (including used in amended pleadings, and any appeals) and for no other purpose, including use in any other legal actions, present or future.

3. The Person producing any given Discovery Material may designate as "Confidential" any Discovery Material (herein, "Confidential Discovery Material") that consists of:

  a. research, testing and development;

  b. business and marketing strategy, analysis, and/or plans;

  c. commercial information and communications;

  d. nonpublic financial information and projections;

  e. risk assessment and analysis;

  f. trade secrets, proprietary business records, and intellectual property;

  g. supplier and customer lists or information;

  h. cost, pricing, sales, production, and/or manufacturing data;

  i. any information of a personal or intimate nature regarding any individual;

  j. any other information that a party is obligated to preserve as confidential, to include information for which applicable law—foreign or domestic—requires confidential treatment;

  k. all information compiled, derived, excerpted, or generated from such materials described in Sections 3(a)-(j); or

  l. any other category of information hereinafter given confidential status by the Court.

4. With respect to Confidential Discovery Material other than deposition transcripts and exhibits, the producing Person or that Person's counsel may designate such Discovery Material as "Confidential" by stamping or otherwise clearly marking "Confidential" on the Discovery Material in a manner that will not interfere with the Discovery Material's legibility, audibility, and/or integrity. Deposition testimony and exhibits may be designated as Confidential either on the record during the deposition or within thirty (30) days of receipt of the final transcript. Until such time period expires without designation having been made, the entire deposition transcript and exhibits shall be treated as Confidential Discovery Material unless otherwise specified in writing or on the record of the deposition by the producing Person. If the producing Person designates the entire deposition transcript and/or exhibits, or any portion thereof, as Confidential, the designated portions of the transcript and/or exhibits shall be bound in a separate volume and marked "Confidential Information Governed by Protective Order" by the reporter.

5. Any Court reporter or videographer who transcribes or videotapes testimony at a deposition in this action containing Confidential shall: (a) treat copies of any transcript, reporter's notes, videotapes, or any other transcription records as Confidential Discovery Material, and (b) deliver any transcript containing Confidential Discovery Material only to counsel, the witness, or the Court (filed under seal). A Party who notices a deposition shall be responsible for notifying any court reporter or videographer of the existence of this Order.

6. During a deposition, only Persons to whom disclosure of Confidential Discovery Material is permitted under paragraph 9 of this Order shall remain present while Confidential Discovery Material is being used or discussed. If, during the course of a deposition, the response to a question would require the witness to disclose Confidential Discovery Material, the witness

may assert the confidentiality of the material as a basis for refusing to answer only if a Person not authorized under, respectively, paragraph 9 of this Order, is present.

7. If at any time prior to the trial of this action, a Person—other than the Person who produced and originally designated such material—believes that some portions(s) of Discovery Material were improperly designated as Confidential Discovery Material or that it should have been designated as Confidential Discovery Material, that Party may notify all Parties and the producing Person in writing. If the notifying Person believes that the Discovery Material should have been designated as Confidential Discovery Material, then that material shall be treated as Confidential Discovery Material until any dispute about the proper designation is resolved. In addition, the producing Person and the Person seeking a new designation will consult and attempt to agree upon the proper designation. If they are unable to resolve any dispute about the proper designation of such Discovery Material, counsel for all affected Persons shall schedule a call with the Court consistent with Section II.C of the Court's Individual Rules of Practice in Civil Cases. The producing Person shall provide to each other party replacement versions of such Discovery Material that bears the new designation within ten (10) business days of agreement upon such designation or resolution by the Court of any dispute or, in the case of voluminous material or other exceptional circumstances, as soon as is practicable.

8. If at any time prior to the trial of this action, a producing Person realizes that some portion(s) of Discovery Material it previously produced was not properly designated (including being subject to a less restrictive designation), it may correct the designation by notifying all Parties in writing, and such designated portion(s) of the Discovery Material will thereafter be treated pursuant to the replacement designation. In addition, the producing Person shall provide all Parties with replacement versions of such Discovery Material that bear the replacement

designation within ten (10) business days of providing such notice, or, in the case of voluminous material or other exceptional circumstances, as soon as is practicable.

9. No Confidential Discovery Material shall be disclosed, summarized, described, characterized or otherwise communicated or made available to any Person (other than the Producing Person), except to the following Persons and only to the extent reasonably necessary to prosecute and defend this action:

    a. the Parties to this action, including a director, officer, employee, trustee, or agent or representative of a Party charged with the responsibility for making decisions dealing directly with the resolution of this action, and any insurer or indemnitor of a Party to this action, and with respect to Discovery Material designated as Confidential that was produced by a non-party, also to such non-party;

    b. the Parties' outside counsel and in-house counsel participating in the prosecution and defense of this matter in their roles as lawyers, including any paralegal, translator, investigative personnel, administrative assistant and/or other assistant employed by such counsel and involved in this matter;

    c. as to any document, any Person who is an employee of the producing Party, its author, its addressee, any other Person indicated on the face of the document as having received a copy, or a former employee of the producing Party (if he or she was employed by the producing Party when the document was created, and if he or she has executed the Non-Disclosure Agreement annexed as Exhibit A hereto);

    d. any witness who has been subpoenaed or otherwise called to testify at trial, hearing or deposition in this action (and their counsel), while on the record and in the course of such trial, hearing, or deposition, provided such Person has, prior to disclosure, been advised of the contents of this Order;

    e. any witness who counsel for a Party in good faith believes may be called to testify at trial, hearing or deposition in this action (and their counsel), provided such Person has, prior to disclosure, been advised of the contents of this Order and such Person has first executed a Non-Disclosure Agreement in the form annexed as Exhibit A hereto;

    f. any Person retained by a Party to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action, provided such Person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit A hereto;

    g. stenographers engaged to transcribe depositions conducted in this action, provided such Person has, prior to disclosure, been advised of the contents of this Order;

    h. independent photocopying, graphic production services, or litigation support services employed by the parties or their counsel to assist in this action and computer service personnel performing duties in relation to a computerized litigation system;

    i. the Court and its support personnel; and

j.  any other Person whom the producing Person, or other Person designating the Discovery Material Confidential, agrees in writing may have access to such Discovery Material.

10. Nothing in this Order will bar or otherwise restrict an attorney from rendering advice to his or her client with respect to this action or from relying upon or generally referring to Confidential Discovery Material in rendering such advice; provided, however, that, in rendering such advice or in otherwise communicating with his or her client, the attorney shall not reveal or disclose the specific content of Discovery Material if such disclosure is not otherwise permitted under this Order.

11. Nothing in this Order shall limit a producing Person's rights concerning the Discovery Material it produces.

12. Prior to any disclosure of any Confidential Discovery Material to any Person referred to in subparagraphs 9(c), (e), and (f) above, such Person shall be provided by counsel with a copy of this Order and shall sign a Non-Disclosure Agreement in the form annexed as Exhibit A hereto stating that that Person has read this Order and agrees to be bound by its terms. Said counsel shall retain each signed Non-Disclosure Agreement, and, upon written request, shall produce it to counsel for the producing or designating party prior to such Person being permitted to testify (at deposition, hearing or trial).

13. All Confidential Discovery Material filed with the Court, and all portions of pleadings, motions or other papers filed with the Court that disclose such Confidential Discovery Material, shall be filed under seal with the Clerk of the Court and kept under seal until further Order of the Court. To the extent that any document subject to a confidentiality designation is referred to, attached to, or included in a court filing, the party submitting that filing shall serve

counsel for the producing Person or other Person designating the Discovery Material with a copy of the filing at the time the filing under seal is made. Within five (5) business days of the filing under seal, the producing Person, or other Person designating the Discovery Material, (i) shall inform all parties of any changes that Person elects to make to the confidentiality treatment of the documents filed under seal, and (ii) to the extent that any document filed under seal contains material that any Person continues to designate as Confidential, that Person shall cooperate with the filing party to provide a statement of why sealing is appropriate in light of the presumption of access discussed in *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006). Within ten (10) business days of the filing under seal, the filing party shall file a redacted version of the sealed filing on ECF and shall submit one statement to the Court containing any statements from producing Persons, or other Persons designating the Discovery Material, on why sealing the redacted material is appropriate. The parties will make reasonable efforts to minimize such sealing.

14. Each Person who has access to Discovery Material produced by others that has been designated as Confidential shall undertake its best efforts to prevent unauthorized or inadvertent disclosure of such material.

15. If, in connection with this action, a producing Person claims that it has inadvertently produced Discovery Material that is subject to a claim of privilege, protection, or immunity, including without limitation attorney-client privilege, attorney work product protection, common interest privilege, and joint defense privilege ("Inadvertently Disclosed Information"), such disclosure, in itself, shall not constitute or be deemed a waiver or forfeiture of any claim of privilege or protection with respect to the Inadvertently Disclosed Information or its subject matter.

16. The producing Person retains the burden of establishing the privileged or protected nature of any Inadvertently Disclosed Information. A producing Person making a claim of

8

inadvertent disclosure shall do so in writing. Upon receiving such a written notification, the receiving party immediately shall return or destroy all copies of the Inadvertently Disclosed Information, and provide a written certification of counsel that all such information has been returned or destroyed within ten (10) business days of receipt of the request, unless the receiving party provides notice of its intent to challenge the assertion of a claim of protection under Fed. R. Civ. P. 26(b)(5) through a Challenge Notice, described below. However, the receiving party may request a reasonable extension of the deadline for the return or destruction of Inadvertently Disclosed Information due to the volume of such material, and such extension shall not be unreasonably withheld.

17. Within three (3) business days of such written notification of any Inadvertently Disclosed Information, the producing Person shall produce a privilege log with respect to the Inadvertently Disclosed Information. However, the producing Person may request a reasonable extension of the deadline for the production of such privilege log due to the volume of such material, and such extension shall not be unreasonably withheld.

18. Challenge Notice Process:

   a. The receiving party shall only be entitled to make a Challenge Notice when it has reviewed the Inadvertently Disclosed Information and incorporated such information into its work product prior to receiving written notification of the Inadvertently Disclosed Information from the producing Person.

   b. For any Challenge Notice, the challenge must be made within three (3) business days of receiving the privilege log from the producing Person that corresponds to written claim of inadvertent disclosure from the producing Person. However, the receiving party may request a reasonable extension of the deadline to file a

Challenge Notice due to the volume of such material, and such extension shall not be unreasonably withheld.

c. A receiving Party who makes such a Challenge Notice may retain no more copies (the "Retained Copies") of the disclosed material than are sufficient to prosecute its challenge to the assertion of protection. Moreover, in the event a Challenge Notice is provided, the receiving party shall sequester and make no other use of the Inadvertently Disclosed Information subject to the request for return and destruction other than as set forth below in subsection (d), until the Challenge Notice is resolved.

d. The receiving Party and the producing Person shall meet and confer on the Inadvertently Disclosed Information within three (3) business days from when the Challenge Notice is issued. If, upon meeting and conferring, the parties are unable to resolve the issue surrounding the Inadvertently Disclosed Information, the parties shall schedule a call with the Court consistent with Section II(C) of the Court's Individual Rules of Practice in Civil Cases and endeavor to do so within three (3) business days after the completion of the meet and confer process. The parties will abide by any direction and/or order given by the Court to determine how the parties should proceed to resolve the issues raised by the Inadvertently Disclosed Information. To the extent the Court requests any written submissions, the parties have the obligation to submit the Inadvertently Disclosed Information to the Court for in camera review in connection with such challenge. Any motion or other communication with the Court regarding Inadvertently Disclosed Information shall be filed

under seal, and shall not assert as a ground for entering an order to compel the fact or circumstances of the inadvertent production.

19. Nothing in this Order shall be construed as restricting the right of any Party to make a challenge to a claim of privilege at any time permissible under the Federal Rules of Civil Procedure and other relevant laws based on information contained in the corresponding privilege log. In challenges not involving either Inadvertently Disclosed Information or any Challenge Notice, the parties shall be required to meet and confer in the normal course and raise any disputes in accordance with Section II(C) of the Court's Individual Rules of Practice in Civil Cases.

20. In the event a non-party has produced information in response to a subpoena, any Party receiving such information from the non-party shall ensure that all other parties receive copies of the non-party's production within five (5) business days of the receiving party's receipt of such production, or in the case of voluminous material or other exceptional circumstances, the party receiving such information from the non-party shall notify all other parties of its receipt of such production within three (3) business days, and shall provide copies of the non-party production to all other Parties as soon as practicable.

21. A non-party from whom the Parties seek discovery may designate Discovery Material it produces to a party to this action as "Confidential" consistent with the terms of this Order. In such circumstances, Discovery Material designated as Confidential by a non-party shall be assigned the same protection as Discovery Material so designated by a party, and all duties applicable to a Party under this Order shall apply to a non- party designating Discovery Material as Confidential. All obligations applicable under this Order to parties receiving Discovery Material shall apply to any party receiving Discovery Material from such non-party. Any Party who serves a subpoena on a non- party shall provide such non-party with a copy of this Order.

22. If, at any time, any Discovery Material governed by this Order is subpoenaed or requested by any court, administrative or legislative body, or by any other Person purporting to have authority to require the production thereof, the Person to whom the subpoena or request is directed shall, to the extent permitted by law, promptly give written notice to the producing Person and include with that notice a copy of the subpoena or request. To the extent permitted by law, the Person to whom the subpoena or request is directed also shall not produce documents for at least fourteen (14) days after notice of the subpoena is provided to the producing Person in order to provide the producing Person a reasonable period of time in which to seek to quash, limit or object to the subpoena or request, or to move for any protection for the Discovery Material. If the Person to whom the subpoena or request is directed is compelled by applicable law or a court order to respond to the subpoena or request in less than fourteen (14) days, the Person to whom the subpoena or request is directed shall, to the extent permitted by law, notify the producing Person of this fact. In no event shall such Discovery Material subject to this Order be produced by a Person receiving a subpoena or request without providing the producing Person an opportunity to quash, limit or object, absent a court order to do so or as otherwise required by law. In the event that Discovery Material designated as "Confidential" under this Order is produced in response to a subpoena or request, the recipient of the subpoena or request shall take commercially reasonable steps to ensure that the protections afforded under this Order shall continue to apply to such Discovery Material.

23. To the extent that a Person producing Discovery Material previously produced any portion of that material to another party in another litigation, that Person may designate previously produced collections of documents that by their nature contain Confidential Discovery Material with the appropriate designation, notwithstanding that some of the documents within the collection

may not qualify for such designation. The receiving Party may, pursuant to the procedures set forth in paragraphs 7 and 8, challenge the designation of one or more particular documents on the grounds that it does not or they do not qualify for protection, or does not or do not qualify for the level of protection asserted.

24. The undersigned agree to meet and confer concerning the use of any Confidential Discovery Material at hearings or at the trial of this action as soon as practicable prior to any such hearing or trial, but, in any event, not fewer than twenty-four (24) hours in advance of the hearing or trial. The use of Confidential Discovery Material at hearings or at trial shall not cause such Confidential Discovery Material to lose its status as Confidential Discovery Material.

25. Upon written request of the producing Person, after the final conclusion of all aspects of this action by judgment not subject to further appeal or by settlement, all Confidential Discovery Material, and all copies of such material, shall be returned or destroyed by the receiving Person within forty-five (45) days, and so certified in writing within sixty (60) days of the producing Person's written request. Notwithstanding any other provision of this Order, the obligation to return or destroy all Confidential Discovery Material and all copies of such material upon such written request shall not apply to pleadings, motions, briefs, supporting affidavits, other papers filed with the Court, attorney notes, deposition transcripts, hearing transcripts, trial transcripts, exhibits, the trial record (including exhibits), Court opinions or orders, attorney-client privileged material, and/or work product created by counsel, a Party, or a third party in connection with this litigation, which reflect, summarize, or otherwise refer to Confidential Discovery Material, and copies thereof retained by counsel, so long as the Person retaining such material otherwise complies with this Order with respect to such retained material.

26. This Order is governed by, interpreted under, and construed and enforced in accordance with New York law, without regard to the conflict of law principles of the State of New York. Any dispute between the parties regarding this Order shall be resolved by making an appropriate application to this Court in accordance with its rules.

27. Nothing herein shall preclude any Party from seeking modification of this Order or additional protection for particular documents for good cause.

28. By stipulating to the entry of this Order, no Party is agreeing to produce any particular documents, categories of documents, or information, or otherwise waiving any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Order. Similarly, no party waives any right to object on any ground to the admissibility or use in evidence of any of the material covered by this Order.

29. This Stipulation and Order may be executed in counterparts.

SO STIPULATED AND AGREED.

Dated: April 19, 2023

By: /s/Spencer Sheehan
Spencer Sheehan
Theodore Hillebrand
SHEEHAN AND ASSOCIATES P.C.
60 Cuttermill Rd Ste 412
Great Neck, NY 11021
516-268-7080
spencer@spencersheehan.com
thillebrand@spencersheehan.com

*Counsel for Plaintiff*
*Robin Weeks, et al.*

By: /s/Andrew Rhys Davies
Andrew Rhys Davies
WILMER CUTLER PICKERING
   HALE AND DORR LLP
7 World Trade Center
250 Greenwich Street
New York, NY 10007
212-230-8800
Andrew.Davies@wilmerhale.com

*Counsel for Defendant*
*Authentic Brands Group, Inc.*

SO ORDERED.

Dated: April 20, 2023
New York, New York

_____
ANALISA TORRES
United States District Judge